Jones, J.
(dissenting). I am compelled to dissent. I cannot escape the clutches of the categorical, unrelenting dictate set forth in Condition 9 of the liability policy: "CHANGES. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change of any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company.”
In my analysis this explicit provision must be held to preclude an agent — even one so closely tied to the insurer as was the Dunn & Fowler Division of Frank B. Hall & Company, Inc., in this instance — from dispensing with the requirement either that notice of the occurrence be in written form or that it be given "as soon as practicable”. Nor can I bring myself to conclude that the application of the standard "as soon as practicable” can be significantly affected by the con *23 duct of the agent. That phrase necessarily focuses attention on the predicament of the insured: in the circumstances in which he finds himself how soon is it practicable for him to give notice of the occurrence? In this case, it is especially difficult to conclude that it was not "practicable” to give notice long before the expiration of seven months when the insured gave the agent oral notice the day after the accident.
I am not unmindful of what appears to be the great inequity and unfairness of the literal application of the quoted policy provision where, as here, the agent of the insurer is justifiably thought to be the proper recipient of all notices with respect to claims covered by the policy and that agent thereafter lulls the insured into what proves to be a wholly false sense of security that no more need be done to give the insured the protection for which he took out the insurance and paid the premiums. I would hazard the surmise that most insureds consider that their obligation to report accidents has been fully discharged when a prompt telephone call has been made to the agent of the insurer with whom they have been dealing. This confidence is reinforced when, as is usually the case, the insurer thereafter undertakes to provide the protection that the policy promises. How distressed would, and should, they be if their policies contained an escape hatch similar to Condition 9 in this policy, such that they were left with a remedy, if any, only against the insurer’s agent on whose assurances they had relied.
I would accordingly reverse and remit for entry of judgment declaring that defendant insurer is not obligated to appear or to defend.
Chief Judge Cooke and Judges Gabrielli and Wachtler concur with Judge Fuchsberg; Judge Jones dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed, without costs.